**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

| | |
|---|---|
| RACHEL LIVELY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LOUIS DeJOY )<br>POSTMASTER GENERAL, )<br>UNITED STATES POSTAL SERVICE, )<br>)<br>Defendant. ) | CAUSE NO: 3:22-cv-267-BJB |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.   NATURE OF THE CASE**

1. Plaintiff, Rachel Lively ("Plaintiff"), by and through counsel, brings this action against Defendant, Megan J. Brennan Postmaster General and the United States Postal Service, ("Defendant"), alleging violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

**II.   PARTIES**

2. At all times relevant to this litigation, Plaintiff worked in Louisville, Kentucky within the geographical boundaries of the Western District of Kentucky.

3. Defendant maintains offices and routinely conducts business within the geographical boundaries of the Western District of Kentucky.

**III.   JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 29 U.S.C. § 2617(a)(2) and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 2611(4) and 42 U.S.C. § 2000e(b).

6. Plaintiff is an "employee" as that term is defined by 29 U.S.C. § 2611(2) and 42 U.S.C. § 2000e(f).

7. Plaintiff exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the National EEO Investigative Service alleging discrimination based on race, color, sex, and retaliation. Plaintiff received her Notice of Suit Rights and timely files this action within ninety (90) days of receipt.

8. A substantial part of the events, transactions, and occurrences concerning this lawsuit arose in the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff began working in the Defendant's Priority Department in 2018. Most recently, Plaintiff worked as a Career Mail Handler.

10. At all times relevant to this claim, Plaintiff met or exceeded Defendant's legitimate performance expectations.

11. While working for Defendant, Plaintiff experienced several instances of harassment and discrimination while supervised by Carolyn Watkins.

12. Sometime in or around September/October 2018 or 2019, Plaintiff was taking medication for a tooth infection. As a result of her medication, Plaintiff experienced severe side

effects and required time off. Plaintiff presented documentation from her pharmacy to Ms. Watkins that confirmed and explained Plaintiff's symptoms. Due to the side effects of the medication, Plaintiff required time off.

13. During this time, Plaintiff applied for a position and was granted an interview with Dianne Norris Richards. However, upon her arrival, Ms. Richards led Plaintiff to believe that the position she was interviewing for was a temporary position despite the fact that Plaintiff had applied for a permanent position. As such, Plaintiff declined to proceed with the interview. Furthermore, due to the side effects of her medication, Plaintiff took the remainder of the day off.

14. When Plaintiff returned to work the following day, Ms. Watkins said she received an email from Ms. Richards stating, "who the Hell does [Plaintiff] think she is coming to an interview and then calling out for work later in the same day?" Ms. Watkins also told Plaintiff that she was not given the opportunity to interview based on her absences, despite the fact that Plaintiff provided a valid doctor's note as needed.

15. On or about August 17, 2018, Plaintiff requested Thanksgiving, Christmas Eve, and Christmas Day off. Ms. Watkins only approved Plaintiff's leave for Christmas.

16. Approximately two months later, on or about November 2018, Ms. Watkins told Plaintiff that despite her approved leave, she would have to work on Christmas. Furthermore, Ms. Watkins threatened to fire Plaintiff if she refused to do so.

17. Despite Plaintiff reporting to work on Christmas Day and working her entire 8 hour shift, Ms. Watkins stated that she would not approve any other time off requests submitted by Plaintiff.

18. In or around September or October 2018, Plaintiff requested December 13 – 14, 2018 off to take her child to a band concert. Ms. Watkins granted Plaintiff's request on the condition that she return to work immediately after the event.

19. On or about October 27, 2018, Mike Graham, Plaintiff's Union Representative overhead Ms. Watkins speaking to Plaintiff in a demeaning tone. Mr. Graham commented that Ms. Watkins should not be speaking to any of the employees in that manner.

20. That same day, in front of Plaintiff's co-workers, Ms. Watkins berated and yelled at Plaintiff while she was working the Priority Spider Belt. In addition, Ms. Watkins followed Plaintiff around the department and made negative comments about her performance.

21. Plaintiff was so shaken by the incident that she required a mental health day the following day.

22. On or around October 29, 2018, Plaintiff was accused of being absent when she was not scheduled to work.

23. Ms. Watkins told Plaintiff she could not be promoted to a 204b position until Plaintiff had six months or more of zero call ins. Plaintiff was later informed this was not true.

24. Similarly situated employees who were off work as much or more than Plaintiff were permitted to advance to a 204b Acting Supervisor position.

25. Ms. Watkins later told Plaintiff that she denied most of Plaintiff's sick days because she made too many requests to have specific days off. Ms. Watkins went on to say that her co-worker could get whatever days off he wanted because he had never called in.

26. Plaintiff requested FMLA leave at least twice. Initially Plaintiff requested FMLA leave to treat high blood pressure. The second time, Plaintiff requested FMLA leave after being diagnosed with work-associated PTSD, anxiety, depression, and chronic tension headaches.

27. On or about February 2019, Ms. Watkins told Plaintiff not to clock-in early anymore. The following day, Ms. Watkins accused Plaintiff of being late despite Plaintiff arriving on-time.

28. Marty A. Shireman, a white male, had less experience than Plaintiff but was promoted to a 204b position before Plaintiff by Allen Broadley.

29. Violetta Lyons, who is white, was also promoted to a 204b position despite working for Defendant for less time than Plaintiff.

30. Plaintiff was not permitted to come into work early while Tim Gibson, her white, male, co-worker was permitted to do so.

## V. CAUSES OF ACTION

### COUNT I: TITLE VII – RACE DISCRIMINATION

31. Plaintiff hereby incorporates paragraphs one (1) through thirty-three (33) of her Complaint.

32. Defendant discriminated against Plaintiff on the basis of her race.

33. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964.

34. Defendant's actions are willful, intentional, and done with reckless disregard for Plaintiff's legally protected rights.

35. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: TITLE VII – SEX DISCRIMINATION

36. Plaintiff hereby incorporates paragraphs one (1) through thirty-eight (38) of her Complaint.

37. Defendant discriminated against Plaintiff on the basis of her sex.

38. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964.

39. Defendant's actions are willful, intentional, and done with reckless disregard for Plaintiff's legally protected rights.

40. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

### COUNT III: TITLE VII – RETALIATION

41. Plaintiff hereby incorporates paragraphs one (1) through forty-three (43).

42. Plaintiff engaged in a protected activity under Title VII when she complained to a supervisor and union representative about experiencing disparate treatment while working under Ms. Watkins.

43. Plaintiff was retaliated against for engaging in a protected activity.

44. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by Title VII of the Civil Rights Act of 1964.

45. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

### COUNT IV: FMLA - INTERFERENCE

46. Plaintiff hereby incorporates paragraphs one (1) through forty-eight (48) of her Complaint.

47. Defendant interfered with Plaintiff's rights under the FMLA by failing to provide her with the appropriate paperwork to take leave under the FMLA within the time prescribed by the Department of Labor regulations.

48. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the FMLA.

49. Plaintiff suffered damages as a result of Defendant's actions.

### COUNT V: FMLA - RETALIATION

50. Plaintiff hereby incorporates paragraphs one (1) through fifty-two (52) of her Complaint.

51. Defendant retaliated against Plaintiff for exercising her rights under the FMLA.

52. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the FMLA.

53. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

## VI.   REQUESTED RELIEF

**WHEREFORE**, Plaintiff, Rachel Lively, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1) Reinstate Plaintiff to the position, salary, and seniority level she would have had but for Defendant's unlawful actions; and/or award front pay to Plaintiff in lieu thereof;

2) All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3) Compensation for any and all other damages suffered because of Defendant's unlawful actions;

4) Compensatory damages for Defendant's violations of the Title VII;

5) All attorney's fees and costs incurred as a result of bringing this action under Title VII and/or the Equal Access to Justice Act;

6) Pre- and Post-Judgment interest on all sums recoverable; and,

7) All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

*/s/ Andrew Dutkanych*
Andrew Dutkanych
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street

Indianapolis, Indiana 46204
Telephone:     (317) 991-4765
Facsimile:      (812) 424-1005
Email: ad@bdlegal.com

*Attorney for Plaintiff, Rachel Lively*

## DEMAND FOR JURY TRIAL

Plaintiff, Rachel Lively, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

*/s/ Andrew Dutkanych*
Andrew Dutkanych
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:  (317) 991-4765
Facsimile:  (812) 424-1005
Email: ad@bdlegal.com

*Attorney for Plaintiff, Rachel Lively*